IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EARL ADAMS,

    Petitioner,

vs.                                 No. CV 17-00285 RB/SCY

MATTHEW ELWELL, DIRECTOR
Sandoval County Detention Center,

GEOFFREY TAGER, OHKAY OWINGEH TRIBAL COURT JUDGE,
Ohkay Owingeh Tribal Court
(in his official and person capacity)

&
OHKAY OWINGEH PUEBLO
(formerly known as San Juan Pueblo),

    Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court under 25 U.S.C. § 1303 on Petitioner Earl Adams' Petition for Writ of Habeas Corpus for Relief From Tribal Court Conviction Pursuant to 25 U.S.C. § 1303 (Doc. 1), and on the Respondents Ohkay Owingeh's and Tager's Motion to Dismiss Petition for Writ of Habeas Corpus and Memorandum in Support (Doc. 5). For the reasons set out below, the Court will grant Respondents' Motion to Dismiss and will dismiss the Petition.

Petitioner Earl Adams filed his Petition for Writ of Habeas Corpus for Relief From a Tribal Court Conviction Pursuant to 25 U.S.C. § 1303 on March 3, 2017. (Doc. 1.) In his Petition for Writ of Habeas Corpus, Petitioner Adams seeks to vacate a conviction and sentence by the

Ohkay Owingeh Tribal Court for Aggravated Battery on a Household Member, False Imprisonment, Damage to Property, and Disobedience to a Lawful Order, and to be released from tribal custody. (*Id.* at 14.) The documents attached to the Petition reflect that Petitioner Adams was charged by the Pueblo of Ohkay Owingeh and pled guilty to the charges. (Doc. 1-1 at 1–5.) He was committed to the Sandoval County Detention Center, transferred to San Luis Regional Detention Center, and then released from tribal custody on March 2, 2017. (Docs. 1-1 at 5; 5 at 2–3.) Adams was indicted on federal criminal charges under the Major Crimes Act on February 28, 2017. See *United States v. Adams,* No. CR 17-00572 JCH. On March 3, 2017, Adams was taken into federal custody and is being prosecuted in this Court on those charges. (Doc. 5 at 5; No. CR 17-00572 JCH.) On April 13, 2017, Respondents Ohkay Owingeh Pueblo and Geoffrey Tager filed a Motion to Dismiss. (Doc. 5.) The Respondents request dismissal of the case on the grounds that the Court lacks jurisdiction due to the release from custody of Petitioner Adams and the failure of Adams to exhaust tribal court remedies. Petitioner Adams has not responded to the Motion to Dismiss.

The Petitioner names Ohkay Owingeh Pueblo as a Respondent. (Doc. 1.) Indian tribes are "distinct, independent political communities, retaining their original natural rights." *Worcester v. Georgia*, 31 U.S. (6 Pet.) 515, 559 (1832). They are domestic dependent nations that exercise inherent sovereign authority over their members and territories. *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla.*, 498 U.S. 505, 509 (1991). The sovereignty of Indian tribes predates the Constitution and, as a result, Indian Tribes are not subject to the constitutional restraints that bind the federal government and the states. *See Talton v. Mayes*, 163 U.S. 376, 382–84 (1896). However, Congress has primary and plenary authority over Indian affairs and

may impose such restraints by statute. *See Washington v. Confederated Bands & Tribes of Yakima Indian Nation*, 439 U.S. 4663, 470–71 (1979).

In the exercise of its plenary authority, Congress has enacted the Indian Civil Rights Act ("ICRA"), 25 U.S.C. §§ 1301, *et seq*. ICRA extends certain constitutional rights to members of Indian tribes. *See* 25 U.S.C. § 1302. ICRA also grants the privilege of the writ of habeas corpus to test the legality of detention by order of an Indian tribe. 25 U.S.C. § 1303. Jurisdiction over habeas corpus proceedings under ICRA is vested in the courts of the United States. 25 U.S.C. 1303; *see also Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 69–72 (1978). Indian tribes, however, retain their sovereign immunity and cannot be sued for habeas corpus relief under the ICRA. Instead, § 1303 authorizes a civil habeas corpus action only against tribal officers. *Santa Clara Pueblo*, 436 U.S. at 60. Therefore, Ohkay Owingeh Pueblo retains its sovereign immunity and will be dismissed from this proceeding.

Respondents' Motion seeks dismissal of this case on the grounds that Petitioner Adams is no longer in tribal detention. (Doc. 5 at 6–7.) ICRA authorizes habeas corpus actions by any person detained to test "the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303. Because § 1303 provides the exclusive federal remedy for tribal violations of ICRA, unless a petitioner is in "detention by order of an Indian tribe," the federal courts lack jursidiction over an ICRA challenge. *See Santa Clara Pueblo*, 436 U.S. at 65, 67; *Tavares v. Whitehouse*, 851 F.3d 863, 866 (9th Cir. 2017).

Petitioner Adams is not, and was not at the time he filed this Petition, in detention by order of an Indian tribe. Instead, he was released from tribal detention on March 2, 2017, the day before he filed his Petition. (Doc. 1-1 at 5.) His current detention is by federal order, not tribal

order. Therefore, the Court lacks jurisdiction over his claim under § 1303 and will dismiss the Petition. *See Tavares*, 851 F.3d at 866.

Finally, Respondents argue that the case should be dismissed for failure to exhaust tribal remedies. (Doc. 5 at 7–10.) The doctrine of tribal exhaustion is a judicially created rule established by the United States Supreme Court in *National Farmers Union Insurance Co. v. Crow Tribe*, 471 U.S. 845 (1985), and expanded in *Iowa Mutual Insurance Co. v. LaPlant*, 480 U.S. 9 (1987). Under the doctrine, a federal court should, as a matter of comity, require the parties to a lawsuit that implicates tribal interests to first exhaust their remedies in tribal court before pursuing an action in federal court. *Keer-McGee Corp. v. Farley*, 115 F.3d 1498, 1507 (10th Cir. 1997). Tribal courts play a vital role in tribal self-government, and respect for that role requires that examination of tribal issues be conducted first by the tribal court, itself. *Reservation Tel. Co-op. v. Affiliated Tribes*, 76 F.3d 181, 184 (8th Cir. 1996). Absent exceptional circumstances, federal courts are to abstain from hearing cases that challenge tribal court authority until tribal remedies, including tribal appellate review, are exhausted. *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1149 (10th Cir. 2011). In this case, because the Court determines it lacks jurisdiction because Petitioner Adams is not in detention by order of an Indian tribe, it is unnecessary for the Court to reach the question of exhaustion of tribal remedies.

**IT IS ORDERED:**

(1) that Respondents Ohkay Owingeh's and Tager's Motion to Dismiss Petition for Writ of Habeas Corpus and Memorandum in Support (Doc. 5) is **GRANTED**;

(2) Respondent Ohkay Owingeh Pueblo is **DISMISSED** based on sovereign immunity; and

(3) Petitioner Earl Adams' Petition for Writ of Habeas Corpus for Relief From Tribal Court Conviction Pursuant to 25 U.S.C. § 1303 (Doc. 1) is **DISMISSED** for lack of jurisdiction.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE